IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ATRELLA R. REYNOLDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:21-cv-1754-DWD |
| | ) |
| BARNES JEWISH HEALTHCARE | ) |
| CORPORATION d/b/a MEMORIAL | ) |
| HOSPITAL OF BELLEVILLE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Atrella R. Reynolds filed a motion for injunctive relief to initiate this action. (Doc. 2). In it, she seeks a temporary restraining order ("TRO") forcing Defendant Barnes Jewish Healthcare Corporation d/b/a Memorial Hospital of Belleville to provide her medical care. Reynolds has also filed a motion for leave to proceed *in forma pauperis* (Doc. 3) and a motion for service of process at government expense (Doc. 4). The Court will take up these two motions when Reynolds files a Complaint. But for the following reasons, the motion for injunctive relief is due to be denied without prejudice.

First, this action has not been properly initiated. "A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. No complaint has been filed and the instant filing, if construed as a complaint, would be dismissed for failure to state a claim for relief. For a plaintiff to state a claim under Federal Rule of Civil Procedure 8, she must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This requirement is primarily concerned with notice—

putting a plaintiff to the paces of pleading some facts gives the defendants enough foreknowledge of what they are being accused of so that they can capably mount a response. *See United States ex. rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). A successful claim tends to explain the who, what, when, where, why, and how of each alleged violation.

Reynolds has not pleaded enough facts to support her claim of discrimination. (Doc. 2 at 3). Although Reynolds does not cite a specific statute, both federal and Illinois civil rights laws prohibit discrimination on the basis of a protected characteristic. *See, e.g.*, 42 U.S.C. § 2000a(a) (prohibiting discrimination by a place of public accommodation based on race, color, religion, or national origin); 775 ILCS 5/5-102 (prohibiting discrimination by a place of public accommodation based on race, color, religion, national origin, ancestry, age, sex, marital status, order of protection status, disability, military status, sexual orientation, pregnancy, or unfavorable discharge from military service). But Reynolds has not claimed that she was denied medical care based on any protected characteristic. In fact, Reynolds has offered no explanation at all for the denial of medical care. Without more facts, the Court cannot discern a plausible legal claim in Reynolds' motion for injunctive relief.

Because there is no operative complaint stating a colorable claim against a defendant, Reynolds fails to make a "clear showing" that she is entitled to injunctive relief. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). A party seeking a TRO must make a threshold showing that: "(1) absent preliminary injunctive relief, he will suffer irreparable harm in the interim prior to a final resolution; (2) there is no adequate remedy

2

at law; and (3) he has a reasonable likelihood of success on the merits." *Tully v. Okeson*, 977 F.3d 608, 612–13 (7th Cir. 2020). Reynolds cannot show a reasonable likelihood of success on the merits where she has not stated a colorable claim against any defendant.

Further, injunctive relief "is appropriate only if it seeks relief of the same character sought in the underlying suit, and deals with a matter presented in that underlying suit." *Hallows v. Madison County Jail*, No. 18-cv-881-JPG, 2018 WL 2118082, at *6 (S.D. Ill. May 8, 2018) (internal citations omitted); *see also Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."). Again, there is no operative Complaint and, therefore, injunctive relief is not appropriate.

Accordingly, the motion for injunctive relief (Doc. 2) is **DENIED without prejudice**. This action will be dismissed unless a Complaint is filed within 30 days of the date of this Order. After the filing of a complaint, the Court will take up Reynolds' motion to proceed *in forma pauperis* and her motion for service of process at government expense. (Docs. 3 & 4).

**SO ORDERED.**

Dated: December 31, 2021

_____
DAVID W. DUGAN
United States District Judge